IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FREDERICK R. SUMMEY,**

    **Petitioner,**

**v.**                **Civil Action No. 3:05cv109**
                         **(Judge Stamp)**

**AL HAYNES,**

    **Respondent.**

## REPORT AND RECOMMENDATION

On October 11, 2005, the *pro se* petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is an inmate at the Hazelton Penitentiary located in Bruceton Mills, West Virginia. In the petition, Petitioner challenges the validity of a sentence imposed by the United State District Court for District of New Jersey.

On February 16, 2006, the undersigned conducted a preliminary review of the petition and determined that summary dismissal was not warranted at that time. Accordingly, the respondent was directed to show cause why the petition should not be granted. The Respondent filed a response to the petition on March 16, 2006. After granting Petitioner several extensions of time, Petitioner filed a reply to the Respondent's response on September 21, 2006. Accordingly, this case is ripe for review.

## I. Petitioner's Conviction and Sentence

According to the parties, on December 1, 1988, Petitioner was found guilty by a jury of engaging in a sexual act by force in violation of 18 U.S.C. § 2241(a). On April 11, 1989, Petitioner

1

was sentenced to the statutory maximum term of life imprisonment, and, in the event of release, five years supervised release. Petitioners' sentence was affirmed by the Third Circuit Court of Appeals on March 27, 1990.

On May 24, 1991, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. In his motion, Petitioner alleged that counsel was ineffective and that he had been sentenced in violation of the Constitution. Petitioner's § 2255 motion was denied on August 9, 1991. That decision was affirmed on appeal on December 26, 1991.

## II. Claims of the Petition

In the petition, Petitioner asserts that "the sentencing court relied on impermissible extraneous information to determine whether a plea of guilty to breaking and entering defined by a non-generic statute in New Jersey (2A:90-1) in 1977, necessarily admitted the elements of the generic offense." In support of this ground, Petitioner asserts that at sentencing on April 11, 1989, the sentencing court relied on a presentence report from 1977 which alluded to statements made by "a lady" in ultimately determining that his 1977 conviction for breaking and entering was a crime of violence. Petitioner asserts that at the time of sentencing, relying on such documents was proper procedure in the Circuit in which he was convicted.

However, Petitioner also asserts that since that time, the United States Supreme Court has found that the only documents a Court may rely on to determine whether a plea of guilty to burglary defined by a non-generic statute is an admission to the elements of the generic offense, are the charging document, the terms of the plea agreement, the transcript of the colloquy between the judge and defendant in which the factual basis for the plea was confirmed by the defendant, or some other comparable judicial record of this information. See Shepard v. United States, 544 U.S. 13 (2005). Thus, Petitioner asserts that he was sentenced as a career offender as a result of the sentencing court

2

utilizing invalid material.

Further, Petitioner appears to recognize that his claim is one that would usually be raised pursuant to § 2255. However, because Shepard was decided after Petitioner had filed his direct appeal and first § 2255 motion, Petitioner asserts that he has had no reasonable opportunity to present this claim. Moreover, Petitioner asserts that he cannot meet the requirements for filing a second or successive § 2255 motion based on this claim and that § 2255 is inadequate or ineffective to test the legality of his detention. Therefore, Petitioner argues that he should be allowed to pursue this claim under § 2241.

### III. The Respondent's Response

In response to the petition, the Respondent asserts that § 2255 is the appropriate vehicle for Petitioner to challenge his sentence. Moreover, the Respondent asserts that as a result of abusive prisoner filings, Congress amended § 2255 to include a gatekeeping provision that limits a prisoner's ability to file second or successive petitions. In this case, Petitioner has already filed one § 2255 motion, therefore, the Respondent asserts that in order to file a second § 2255, Petitioner would be required to obtain permission from the Third Circuit Court of Appeals. In order to do so, Petitioner must show: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In addition, the Respondent argues that § 2241 is the proper mechanism to challenge the execution of a sentence and cannot be used in place of § 2255 to challenge an unconstitutional sentence. The Respondent recognizes, however, that § 2255 contains a savings clause which allows

a prisoner to challenge the imposition of sentence under § 2241 where the prisoner can show that § 2255 is inadequate or ineffective. In order to show that § 2255 is inadequate or ineffective, a federal prisoner must show that (1) at the time of conviction, settled law of the Circuit or Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. See Response at 4 (citing In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000)).

The Respondent goes on to argue that Petitioner cannot meet any of these three prongs. Specifically, the Respondent argues that the provisions of 18 U.S.C. § 2241(a) are still in full force and effect and Petitioner cannot show that the conduct of which he was convicted is now deemed not to be criminal. In addition, the Respondent asserts that Petitioner's claim is based on the Supreme Court's decision in Shepard and that Shepard is clearly a rule of constitutional law. Thus, the Respondent asserts that Petitioner cannot satisfy prongs two or three and he is not entitled to invoke the savings clause of § 2255. Therefore, the Respondent asserts that Petitioner cannot proceed under § 2241.

In addition, the Respondent argues that even if it were appropriate for Petitioner to proceed under § 2241, he claims still fails as Shepard is not retroactive to cases on collateral review. Therefore, the rule announced in Shepard is not available in post-conviction proceedings for prisoners like the Petitioner whose convictions became final before Shepard was decided.

### IV. Petitioner's Reply

In his reply to the Respondent's Response, Petitioner asserts, with little explanation, that he has established that he falls within the savings clause exception of § 2255. Moreover, the Petitioner

4

asserts that this Court, not the Respondent, should determine whether his claim has merit.

## V. Analysis

In his petition, Petitioner attacks the validity of his sentence rather than the means of execution and seeks release from his unconstitutional sentence. Further, according to the petition, Petitioner has applied for relief under 28 U.S.C. § 2255 in the sentencing court. Thus, it is clear that Petitioner is now pursuing relief in this court under § 2241 because filing a motion under § 2255 in the sentencing court would be barred as a successive petition. See 28 U.S.C. § 2255. However, under these circumstances, Petitioner is expressly precluded by § 2255 from pursuing any relief under § 2241. Section 2255 states that an application such as Petitioner's "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief . . ."

Petitioner seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to the failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

As noted by the Respondent in his response, the Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, supra, the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct

appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

There is nothing in Petitioner's § 2241 petition which demonstrates that he meets the Jones requirements. Consequently, Petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, and he has improperly filed a § 2241 petition.

In addition, Petitioner's Shepard argument is without merit. In Shepard, the Supreme Court held that inquiry under the Armed Career Criminal Act, "to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard, 544 U.S. at 26. Moreover, the Court specifically noted that the sentencing court cannot look to police reports or complaint applications to determine whether a prior burglary conviction was a generic burglary. Id. at 16. However, Petitioner's case concluded direct review and was final well before the Supreme Court's decision in Shepard. Thus, Shepard does not apply to Petitioner's case unless the Supreme Court rules that it is to be retroactive to cases on collateral review. See Tyler v. Cain, 533 U.S. 656, 662-63 (2001). However, the Supreme Court has not made its ruling in Shepard retroactive and neither has any court to consider the issue. To the contrary, those courts that have considered the issue, have found that Shepard is not retroactive on collateral review.[1]

---

[1] See McCollum v. Revell, 2006 WL 1663735 (S.D.Ill. June 13, 2006); Cradle v. United States, 2006 WL 1390436 (S.D. W. Va. May 18, 2006); Olivas-Gutierrez v. United States, 2005 WL 1241871 (W.D.Tex. May 19, 2005); Langley v. United States, 2005 WL 1114710 (M.D.N.C. May 5, 2005); Morales v. United States, 2005 WL 807051 (D. Minn. April 7, 2005).

6

Upon a review of those decisions, and the pertinent caselaw, the undersigned is of the opinion that Shepard is not retroactive to cases on collateral review. In Schriro v. Summerlin, 542, U.S. 348, 351-52 (2004), the Supreme Court discussed the retroactivity of its decisions.

> When a decision of this Court results in a 'new rule,' that rule applies to all criminal cases still pending on direct review. As to convictions that are already final, however, the rule applies only in limited circumstances. New *substantive* rules generally apply retroactively. This includes decision that narrow the scope of a criminal statute by interpreting its terms, . . . as well as constitutional determinations that place particular conduct or persons covered by the stature beyond the State's power to punish . . . Such rules apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him.
>
> New rules of procedure, on the other hand, generally do not apply retroactively. They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise. Because of this more speculative connection to innocence, we give retroactive effect to only a small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. That a new procedural rule is 'fundamental' in some abstract sense is not enough; the rule must be one without which the likelihood of an accurate conviction is *seriously* diminished.

(Internal citations and quotations omitted) (emphasis in original).

The rule set out in Shepard is clearly procedural. Therefore, it would have to be a watershed change in criminal procedure in order to apply retroactively. However, "Shepard merely limits the materials a district court may consider in determining whether prior convictions subject a defendant to an enhanced sentence" under the Armed Career Criminal Act. McCollum v. Revell, 2006 WL 1663735 at *3. Thus, Shepard is clearly not a "watershed change in criminal procedure." Indeed, the Supreme Court has even pointed out that such a class of cases is so narrow that no case fitting this description has yet emerged. Schriro, 542 U.S. at 352. Shepard is no different. Accordingly, Shepard is not retroactive to cases on collateral review and Petitioner's claim based on that decision

7

is not cognizable under § 2241.

## VI.  Recommendation

For the foregoing reasons, the undersigned recommends that Petitioner's §2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within ten (10) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: March 9, 2007.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE