# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**FREDERICK R. SUMMEY,**

      Petitioner,

v.                                               **CIVIL ACTION NO. 3:05-CV-109**
                                                 (BAILEY)

**AL HAYNES,**

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Standing Order entered on March 24, 2000, this action was referred to Magistrate Judge Seibert [Doc. 4] on November 29, 2005, for submission of proposed report and a recommendation ["R & R"]. Magistrate Judge Seibert filed his R & R [Doc. 22] on March 9, 2007. In that filing, the magistrate judge recommended that this Court deny the petitioner's 28 U.S.C. § 2241 application for Writ of Habeas Corpus, and to dismiss it with prejudice [Doc. 1].

The petitioner in the above-styled action filed objections to the magistrate's R & R on April 3, 2007 [Doc. 26]. Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***,

474 U.S. 140, 150 (1985). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation to which the petitioner did not object will be reviewed for clear error.

**Analysis**

In his petition, the petitioner attacks the validity of his sentence rather than the means of execution and seeks release from his sentence. Further, according to the petition, he has applied for relief under 28 U.S.C. § 2255 in the sentencing court. Thus, it is clear that the petitioner is now pursuing relief in this court under § 2241 because filing a motion under § 2255 would be barred as a successive petition. *See* 28 U.S.C. § 2255. However, under these circumstances, the petitioner is expressly precluded by § 2255 from pursuing any relief under § 2241. Section 2255 states that an application such as the petitioner's "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief ..."

The petitioner seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255, which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to the failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. **In re Vial**, 115 F. 3d 1192, 1194 (4th Cir. 1997).

As noted by the respondent in his response, the Fourth Circuit has examined the

prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of *In re Jones*, *supra*, the Fourth Circuit concluded that "§2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-34.

There is nothing in the petitioner's § 2241 petition which demonstrates that he meets the *Jones* requirements. Consequently, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, and he has improperly filed a § 2241 petition.

In addition, the petitioner's *Shepard* argument is without merit. In *Shepard*, the Supreme Court held that inquiry under the Armed Career Criminal Act, "to determine whether a plea of guilty to burglary defined by a non-generic statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26.

Moreover, the Supreme Court specifically noted that the sentencing court cannot look to police reports or complaint applications to determine whether a prior burglary conviction was a generic burglary. *Id.* at 16. However, the petitioner's case concluded direct review and was final well before the Supreme Court's decision in *Shepard*. Thus, *Shepard* does not apply to the petitioner's case unless the Supreme Court rules that it is

to be retroactive to cases on collateral review. See **Tyler v. Cain**, 533 U.S. 656, 662-63 (2001). To date, the Supreme Court has not made its ruling in **Shepard** retroactive and neither has any court to consider the issue. To the contrary, those courts that have considered the issue have found that **Shepard** is not retroactive on collateral review.

Accordingly, the Court is of the opinion that **Shepard** is not retroactive to cases on collateral review. In **Schriro v. Summerlin**, 542, U.S. 348, 351-52 (2004), the Supreme Court discussed the retroactivity of its decisions. "When a decision of this Court results in a 'new rule,' that rule applies to all criminal cases still pending on direct review. As to convictions that are already final, however, the rule applies only in limited circumstances. New substantive rules generally apply retroactively. This includes decision that narrow the scope of a criminal statute by interpreting its terms, . . . as well as constitutional determinations that place particular conduct or persons covered by the stature beyond the State's power to punish . . . Such rules apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." *Id*.

The Court further held that "[n]ew rules of procedure, on the other hand, generally do not apply retroactively. They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise. Because of this more speculative connection to innocence, we give retroactive effect to only a small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. That a new procedural rule is 'fundamental' in some abstract sense is not enough; the rule must be one without which the likelihood of an accurate

conviction is seriously diminished. (Internal citations and quotations omitted) (emphasis in original).

Thus, the rule set out in *Shepard* is clearly procedural.  Therefore, it would have to be a watershed change in criminal procedure in order to apply retroactively.  However, "*Shepard* merely limits the materials a district court may consider in determining whether prior convictions subject a defendant to an enhanced sentence" under the Armed Career Criminal Act.  *McCollum v. Revell*, 2006 WL 1663735 at *3.  Therefore, *Shepard* is clearly not a "watershed change in criminal procedure."  Indeed, the Supreme Court has even pointed out that such a class of cases is so narrow that no case fitting this description has yet emerged.  *Schriro,* 542 U.S. at 352.  *Shepard* is no different. Accordingly, *Shepard* is not retroactive to cases on collateral review and the petitioner's claim based on that decision is not cognizable under § 2241.

## Conclusion

Based on the aforementioned reasons, this Court finds that the magistrate judge's assessment of the facts and law is well founded.  It is, thus, the opinion of the Court that the **Magistrate Judge's Report and Recommendation** [Doc. 22] should be, and is, hereby **ORDERED ADOPTED**.  Accordingly, it is **ORDERED** that this matter be **DISMISSED WITH PREJUDICE** from the Court's docket.  In addition, the petitioner's April 2, 2007, Motion to Transfer Case [Doc. 25] is hereby **DENIED AS MOOT**.

The Clerk is directed to mail copies of this Order to all counsel of record and the *pro se* petitioner.

**DATED:** July 10, 2007.

                                                                 /s/ John Preston Bailey  
                                                             JOHN PRESTON BAILEY  
                                                             UNITED STATES DISTRICT JUDGE